UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UMA KIRBARAN,

                  Plaintiff,

- against -

TARGET CORPORATION,

                  Defendant.

**MEMORANDUM**
**OPINION & ORDER**

21 Civ. 8543 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

        In this diversity action, Plaintiff Uma Kirbaran alleges that she slipped and fell in a Target store in the Bronx, and brings a negligence claim against the store's operator, Defendant Target Corporation ("Target"). (Notice of Removal, Ex. A (Cmplt.) (Dkt. No. 3-1)) Target has moved for summary judgment, arguing that there is no evidence that it created a dangerous condition or that it had actual or constructive notice of a dangerous condition. (Def. Br. (Dkt. No. 36) at 6)[1]

        For the reasons stated below, Defendant's motion for summary judgment will be granted.

## BACKGROUND

### I.   FACTS[2]

        On May 25, 2021, at about 4:00 p.m., Plaintiff Kirbaran and her niece Celeste Chandler were shopping for a toy at the Target store located at 815 East Hutchinson River

---

[1] The page numbers of documents referenced in this order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

[2] To the extent that this Court relies on facts drawn from a party's Local Rule 56.1 statement, it has done so because the opposing party has either not disputed those facts or has not done so

Parkway, Bronx, New York (the "Store"). (Def. R. 56.1 Reply Stmt. (Dkt. No. 39) ¶¶ 1, 3; Jean-Jacques Decl., Ex. B (Kirbaran Dep.) (Dkt. No. 43-3) at 35:8-22, 36:18-25; Cmplt. (Dkt. No. 3-1) ¶ 3)

A dispenser containing sanitizing wipes was located at the "front of the store," along with a trash can. The wipes were intended for use in sanitizing shopping carts. (Def. R. 56.1 Reply Stmt. (Dkt. No. 39) ¶¶ 5-6; Kirbaran Dep. (Dkt. No. 43-3) at 40:19-42:18) The parties dispute how wet the disinfectant wipes are when dispensed, and how long it takes for the wipes to dry out. Chandler – who visits the Store twice a month – asserts that the wipes are "wet and soaked" "[w]hen dispensed," and "would [] remain wet . . . sometimes even after [] an hour." (Jean-Jacques Decl., Ex. D (Chandler Aff.) (Dkt. No. 43-5) ¶¶ 4, 6, 8-10) Defendant Target contends that the wipes "[w]hen dispensed . . . were moist [and] not soaking wet," and that "[u]pon wiping down the cart, the wipes immediately became dry." (Acevedo Aff. (Dkt. No. 39-2) ¶¶ 9-10)

After Kirbaran and Chandler entered the Store, they "walked straight towards the back of the store," through the women's department, and into the toy department. (Pltf. R. 56.1 Reply Stmt. (Dkt. No. 42) ¶¶ 17-20; Kirbaran Dep. (Dkt. No. 43-3) at 49:18-54:7) While walking in the toy department, Kirbaran "passed a female Target employee . . . stocking [the] shelves." (Pltf. R. 56.1 Reply Stmt. (Dkt. No. 42) at 13; Kirbaran Dep. (Dkt. No. 43-3) at 53:21-

---

with citations to admissible evidence. See Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party . . . fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted.") (citations omitted). Where Plaintiff disputes Defendant's characterization of cited evidence, and has presented an evidentiary basis for doing so, this Court relies on Plaintiff's characterization of the evidence. See Cifra v. Gen. Elec. Co., 252 F.3d 205, 216 (2d Cir. 2001) (drawing all rational factual inferences in non-movant's favor in deciding summary judgment motion). Unless otherwise noted, the facts cited by this Court are undisputed.

54:1, 55:20-25) Kirbaran "put a few things into [her] shopping cart" and then "left the shopping cart." (Kirbaran Dep. (Dkt. No. 43-3) at 54:23-55:1) While "walking back to the cart, [Kirbaran's right foot] slipped on [a sanitizing] wipe" which was on the floor at "the end of the aisle." (Id. at 54:23-55:4, 55:20-25, 61:16-24; Def. R. 56.1 Reply Stmt. (Dkt. No. 39) ¶ 17) She "fell" "forward," and "landed on [her] knees." (Kirbaran Dep. (Dkt. No. 43-3) at 61:13-18, 62:5-9)

Neither Kirbaran nor Chandler saw the wipe on the floor before Kirbaran's fall (id. at 55:4-6; Jean-Jacques Decl., Ex. C (Chandler Dep.) (Dkt. No. 43-4) at 29:6-8), but there were two additional wipes on the floor in the same aisle. (Def. R. 56.1 Reply Stmt. (Dkt. No. 39) ¶ 17) Kirbaran and Chandler do not know how long the wipe Kirbaran slipped on had been on the floor, or how the wipe came to be on the floor before the accident. (See Kirbaran Dep. (Dkt. No. 43-3) at 55:15-19; Chandler Dep. (Dkt. No. 43-4) at 29:9-14) Soon after the fall, Chandler took photographs of the area in which Kirbaran had fallen. (Kirbaran Dep. (Dkt. No. 43-3) at 71:17-74:6; Chandler Dep. (Dkt. No. 43-4) at 32:16-33:4; see Jean-Jacques Decl., Ex. F (Dkt. No. 43-7) (photo))

Cynthia Pineda was the first Target employee to respond to the area where Kirbaran had fallen. (Pltf. R. 56.1 Reply Stmt. (Dkt. No. 42) ¶ 32) At 7:33 p.m., Pineda completed a Team Member Witness Statement stating "[t]here were [three] cart wipes on the floor." (Jean-Jacques Decl., Ex. I (Team Member Witness Statement) (Dkt. No. 43-10)) Griselda Acevedo, the "Leader on Duty" and the fourth Target employee on the scene, testified that she observed three disinfectant wipes on the floor "right by [Kirbaran's] foot." (Jean-Jacques Decl., Ex. A (Acevedo Dep.) (Dkt. No. 43-2) at 24:11-23; 26:3-6) Acevedo confirmed

that the wipes she observed are the same type of wipes Target dispenses at the front of the store. (Id. at 24:19-23)

After Kirbaran's fall, Acevedo "cleaned up the area." (Acevedo Dep. (Dkt. No. 43-2) at 24:24-25:3) When she retrieved the wipes on the floor, "[t]hey were dry [to the touch]." (Acevedo Dep. (Dkt. No. 43-2) at 25:2-6; Def. R. 56.1 Reply Stmt. (Dkt. No. 39) ¶ 26)

The Store floor was inspected by a Target employee "every hour." (Def. R. 56.1 Reply Stmt. (Dkt. No. 39) ¶ 14) On the day of the accident, Acevedo inspected the floor between 3:00 p.m. and 4:00 p.m. (Acevedo Dep. (Dkt. No. 43-2) at 11:19-12:11; 15:11-18; Pltf. R. 56.1 Reply Stmt. (Dkt. No. 42) ¶¶ 3, 7-8, 13) In an internal investigation report Acevedo prepared, she noted that the "team member most recently though the area prior to the incident" was "Joel." (Jean-Jacques Decl., Ex. J (Dkt. No. 43-11)) Acevedo could not recall when Joel last inspected the floor, however. (Acevedo Dep. (Dkt. No. 43-2) at 30:9-23)

Acevedo testified that when "something ha[s] fallen on the floor [of the Store]," she and her team would "pick it up and discard [it]." (Acevedo Dep. (Dkt. No. 43-2) at 16:8-25) The Store does not a maintain a record of such incidents, however. (Acevedo Dep. (Dkt. No. 43-2) at 16:16-25; Def. R. 56.1 Reply Stmt. (Dkt. No. 39) ¶¶ 15-16) The Store has a maintenance crew "responsibl[e]" for "maintain[ing] the floors by either sweeping or mopping." (Jean-Jacques Decl., Ex. E (Pineda Dep.) (Dkt. No. 43-6) at 58:17-59:5; Pltf. R. 56.1 Reply Stmt. (Dkt. No. 42) ¶ 5)

As a result of her fall, Kirbaran suffered pain in her right ankle, right knee, neck and back. (Kirbaran Dep. (Dkt. No. 43-3) at 62:7-9; 78:16-22) She was taken by ambulance to Jacobi Medical Center (id. at 78:23-79:1), where she was treated for pain in her knee and neck,

4

and received physical therapy and orthopedic treatment. (Id. at 82:2-83:14, 85:19-88:9, 90:5-13) Kirbaran later had surgery on her ankle. (Id. at 88:10-11)

## II.  PROCEDURAL HISTORY

The Complaint was filed in Supreme Court of the State of New York, Bronx County, on August 16, 2021, and asserts a negligence claim against Defendant Target. (Cmplt. (Dkt. No. 3-1)) In the Complaint, Kirbaran contends that Target "fail[ed] to maintain the [floor] in a proper manner," and "fail[ed] to warn [her] of the . . . dangerous and hazardous condition." (Id. ¶ 17) On October 18, 2021, Defendant removed the action to this District based on diversity jurisdiction. (Notice of Removal (Dkt. No. 3))

On July 25, 2023, Defendant Target moved for summary judgment. (Mot. (Dkt. No. 35))

## DISCUSSION

### I.  LEGAL STANDARDS

#### A.  Summary Judgment

Summary judgment is warranted where the moving party shows that "there is no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Fed. Trade Comm'n v. Moses, 913 F.3d 297, 305 (2d Cir. 2019). "A dispute about a 'genuine issue' exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor." Beyer v. Cnty. of Nassau, 524 F.3d 160, 163 (2d Cir. 2008). "Where it is clear that no rational finder of fact 'could find in favor of the nonmoving party because the evidence to support [her] case is so slight,' summary judgment should be granted." F.D.I.C. v. Great Am. Ins. Co., 607 F.3d 288, 292 (2d Cir. 2010) (quoting Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994)).

In deciding a summary judgment motion, the Court "is not to weigh the evidence," Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004), but is instead to "'resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment.'" Spinelli v. City of New York, 579 F.3d 160, 166 (2d Cir. 2009) (quoting Brown v. Henderson, 257 F.3d 246, 251 (2d Cir. 2001)). However, a "'party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment. . . . [M]ere conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist.'" Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (quoting Fletcher v. Atex, Inc., 68 F.3d 1451, 1456 (2d Cir. 1995)) (alteration in the original). "'Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment.'" Jeffreys v. City of New York, 426 F.3d 549, 553 (2d Cir. 2005) (quoting Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2d Cir. 1996)).

Allocation of the burden of proof at summary judgment is a matter of procedural law, which – in a diversity case such as this – is governed by federal law. See Gasperini v. Ctr. for Humans, Inc., 518 U.S. 415, 427 (1996) ("[F]ederal courts sitting in diversity apply state substantive law and federal procedural law.") (citing Erie R. Co. v. Tompkins, 304 U.S. 64, 91-92 (1938)); Tingling v. Great Atl. & Pac. Tea Co., No. 02 Civ. 4196 (NRB), 2003 WL 22973452, at *2 (S.D.N.Y. Dec. 17, 2003) ("The issue of what burden a movant for summary judgment bears when the ultimate burden of proof lies with the non-movant is procedural rather than substantive . . . and accordingly is subject to federal rather than state law."); Doona v. OneSource Holdings, Inc., 680 F. Supp. 2d 394, 396 (E.D.N.Y. 2010) ("[T]he respective burdens that the parties bear in a summary judgment motion are procedural rather than substantive, and

are thus subject to federal rather than state law."); Casierra v. Target Corp., No. 09-CV-1301 (JG) (MDG), 2010 WL 2793778, at *1 (E.D.N.Y. July 12, 2010) (applying "federal procedural law . . . [in] deciding whether Target is entitled to summary judgment on [plaintiff's negligence] cause of action") (citing, inter alia, Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009)).

Here – in order to defeat Target's summary judgment motion – Plaintiff must offer evidence that creates a material issue of fact as to whether Target "created" a "dangerous condition" or "had actual or constructive notice of the condition that caused her fall." Thomason v. Target Corp., No. 20 Civ. 8982 (JPC), 2022 WL 1137165, at *4 (S.D.N.Y. Apr. 18, 2022); Taylor v. Manheim Remarketing, Inc., 752 F. App'x 94, 95 (2d Cir. 2019) (affirming summary judgment for defendant in a slip-and-fall negligence action brought under New York law where plaintiff had not proffered evidence creating a material issue of fact as to whether "the defendant 'created a dangerous condition' or that the defendant 'had actual or constructive knowledge of the condition'") (quoting Lemonda v. Sutton, 268 A.D. 2d 383, 394 (1st Dept. 2000)).

B. **Negligence**

"To establish a prima facie case of negligence under New York law,"[3] a plaintiff must demonstrate: "'(1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom.'" Lerner v. Fleet Bank, N.A., 459 F.3d 273, 286 (2d Cir. 2006) (quoting Solomon ex rel. Solomon v. City of New York, 66 N.Y.2d 1026, 1027 (1985)).

In this case, the "duty" owed is Target's "common-law responsibility to show due care to customers by 'maintain[ing] its premises in a reasonably safe condition.'" Borley v.

---

[3] In this diversity action, the parties agree that New York law – the law of the forum state – governs Kirbaran's negligence claim. See Def. Br. (Dkt. No. 36) at 6 ("New York substantive law provides the elements of plaintiff's negligence cause of action."); Pltf. Opp. (Dkt. No. 41) at 14 ("It is undisputed that New York substantive law applies.").

7

United States, 22 F.4th 75, 78 (2d Cir. 2021) (quoting Kellman v. 45 Tiemann Assocs., Inc., 87 N.Y.2d 871, 872 (1995)).

In order to show a breach of the duty of care in a "slip-and-fall" case such as this, plaintiff must offer evidence "that a defendant either created the dangerous condition or had actual or constructive notice of the condition and its dangerousness." Borley, 22 F.4th at 79 (citing Walsh v. Super Value, Inc., 76 A.D. 3d 371, 372 (2d Dept. 2010)).

In order to demonstrate "that the defendant created the dangerous condition," plaintiff must offer evidence of "'some affirmative act' on the part of the defendant," Gonzalez v. Wal-Mart Stores, Inc., 299 F. Supp. 2d 188, 192 (S.D.N.Y. 2004) (quoting Fink v. Bd. of Educ., 117 A.D. 2d 704, 705 (2nd Dept. 1986)), that is both "'deliberate and intentional,'" Nussbaum v. Metro-N. Commuter R.R., 994 F. Supp. 2d 483, 493 (S.D.N.Y. 2014), aff'd, 603 Fed. App'x 10 (2d Cir. 2015) (quoting Olsen v. K Mart Corp., No. 04-CV-3648 (JMA), 2005 WL 2989546, at *4 (E.D.N.Y. Nov. 8, 2005)).

"To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." Gordon v. American Museum of Natural History, 67 N.Y.2d 836, 837-38 (1986). Where there is no direct evidence of notice, "[c]onstructive notice may be inferred based on the circumstances surrounding the injury and the condition of the premises." Touri v. Zhagui, No. 06 Civ. 776 (SCR) (JFK), 2010 WL 779335, at *3 (S.D.N.Y. Mar. 5, 2010) (citing Lusenkas v. Axelrod, 183 A.D. 2d 244, 248-49 (1st Dept. 1992)). A defendant's "general awareness that a dangerous condition may be present," Piacquadio v. Recine Realty Corp., 84 N.Y.2d 967, 969 (1994), or "'[t]he mere existence of a foreign substance, without more,'" is not legally sufficient to charge a defendant with constructive notice of the particular condition that

8

caused a plaintiff's fall. Pearce v. Home Depot U.S.A., Inc., No. 14 Civ. 6836 (RWS), 2016 WL 4540832, at *2 (S.D.N.Y. Aug. 30, 2016) (quoting Segretti v. Shorenstein Co., East L.P., 256 A.D. 2d 234 (1st Dept. 1998)). "Rather, a plaintiff must adduce evidence showing a defendant's constructive notice of the particular dangerous condition that caused the accident." Gonzalez, 299 F. Supp. 2d at 193 (citing Taylor v. United States, 121 F.3d 86, 80-91 (2d Cir. 1997)).

"'The absence of evidence demonstrating how long a condition existed prior to a plaintiff's accident constitutes a failure to establish the existence of constructive notice as a matter of law.'" Rivera v. Target Dep't Store, Inc., No. 15 Civ. 7846 (HBP), 2017 WL 2709745, at *5 (S.D.N.Y. June 22, 2017) (quoting Early v. Hilton Hotels Corp., 73 A.D. 3d 559, 561 (1st Dept. 2010)). Accordingly, federal "courts typically grant summary judgment for the defendant where there is evidence that a hazard existed, but no evidence as to how it was created or who was responsible for it." Lacey v. Target Corp., No. 13 Civ. 4098 (RML), 2015 WL 2254968, at *2 (E.D.N.Y. May 13, 2015) (collecting cases).

## II.     ANALYSIS

Target argues that it is entitled to summary judgment because Plaintiff Kirbaran has offered no evidence "that [Target] created the [dangerous] condition," or that it "had either actual or constructive notice" of the dangerous condition. (Def. Br. (Dkt. No. 36) at 6)

### A.     Burden of Proof

Relying on New York state cases, Plaintiff argues that Target's motion should be denied because it has not met its "prima facie burden of proof . . . to present evidence related to the last time the [aisle] was inspected [or] cleaned before Plaintiff's fall." (Pltf. Opp. (Dkt. No. 41) at 12-14)

As discussed above, however, the issue of burden of proof at summary judgment is procedural in nature, and is thus governed by Federal law. Gasperini, 518 U.S. at 427.

Acknowledging that in New York state courts a "defendant who moves for summary judgment in a trip-and-fall case has the initial burden of making a prima facie showing that it neither created the alleged hazardous condition, nor had actual or constructive notice of its existence for a length of time sufficient to discover and remedy it," Levine v. Amverserve Ass'n, Inc., 92 A.D. 3d 728, 729 (2d Dept. 2012), state law has no application here in determining burden of proof. See Castellanos v. Target Dep't Stores, Inc., No. 12 Civ. 2775 (GWG), 2013 WL 4017166, at *7 (S.D.N.Y. Aug. 7, 2013) ("New York's burden-shifting standard requiring defendant to provide proof of absence of notice does not apply in a federal diversity case."). As discussed above, in order to defeat Target's summary judgment motion, Plaintiff must proffer evidence that creates a material issue of fact as to whether Target employees "created the alleged hazardous condition," or "had actual or constructive notice" of it. Thomason, 2022 WL 1137165, at *4.

Accordingly, Target need not produce affirmative "evidence of the last time the [aisle] was inspected or cleaned, but need only point to Plaintiff's lack of evidence and inability to raise a genuine issue of material fact on the elements of her claim." Decker v. Middletown Walmart Supercenter Store, No. 15 Civ. 2886 (JCM), 2017 WL 568761, at *9 (S.D.N.Y. Feb. 10, 2017); see also Castellanos, 2013 WL 4017166, at *7 ("Target's failure to present detailed evidence concerning its inspections of the premises does not preclude summary judgment, as the initial burden rests with the plaintiff to raise a triable question of fact that the defendant created or had notice of the dangerous condition.").

The Court considers below whether Plaintiff has proffered evidence that creates a material issue of fact as to whether Target created the dangerous condition or had notice of it.

B.  **Creation of the Dangerous Condition**

Plaintiff contends that Target's "failure to adopt policies to ensure that wipes were properly discarded" and to "reasonabl[y] inspect[]" the aisles created the condition that led to her fall. (Pltf. Opp. (Dkt. No. 41) at 6, 8)

"[E]vidence of [a] failure to clean" is not sufficient to demonstrate that Target created a dangerous condition, however. Lunja v. Regal Cinema at Atlas Park, No. 19-CV-5628 (RPK) (VMS), 2022 WL 1038034, at *3 (E.D.N.Y. Feb. 9, 2022) ("[E]vidence of failure to clean does not support liability" in a negligence claim.). Nor is Target's alleged lack of a policy to ensure that used wipes are properly disposed of sufficient, because an "affirmative act" is necessary to state a negligence claim. Taylor v. Manheim Marketing, Inc., No. 15-CV-1950 (PKC) (RER), 2017 WL 5905544, at *3 (E.D.N.Y. Nov. 30, 2017), aff'd sub nom. Taylor v. Manheim Remarketing, Inc., 752 F. App'x 94 (2d Cir. 2019) (finding a defendant's "lack of 'general procedure[s]' for snow removal and reliance on in-house employees for [] maintenance do not constitute 'affirmative act[s]' that can support a finding that Defendant created [] the alleged dangerous conditions") (quoting Gonzalez, 299 F. Supp. 2d at 192). Nor is "[e]vidence that [Target] merely permitted a dangerous condition to exist" an affirmative act. Stepton-Howard v. Rite Aid Corp., No. 16-CV-1352 (SJF) (AYS), 2017 WL 3017191, at *3 (E.D.N.Y. June 13, 2017) (citing Cook v. Rezende, 32 N.Y.2d 596, 599 (1973)).

In sum, Plaintiff has not proffered evidence that creates a material issue of fact as to whether Target created the condition that led to Plaintiff's fall.

11

C. **Constructive Notice**[4]

Target argues that Plaintiff has likewise not proffered evidence that Target had constructive notice of the alleged dangerous condition, that being the three used wipes on the floor in the toy aisle. (Def. Br. (Dkt. No. 36) at 9-14) Plaintiff responds that a reasonable factfinder could infer from the dry condition of the wipe on which she slipped that it had been on the floor in the toy aisle "for a sufficient length of time prior to the accident to permit [Target's] employees to discover and remedy it." Gordon, 67 N.Y.2d at 837; see Pltf. Opp. (Dkt. No. 41) at 10-11, 16)

It is undisputed here that the wipe on which Plaintiff slipped came from a dispenser "at the front of the store." (Def. R. 56.1 Reply Stmt. (Dkt. No. 39) ¶ 5; Kirbaran Dep. (Dkt. No. 43-3) at 40:19-42:9) But neither Plaintiff nor the Target employees know how long the wipe was on the floor in the toy aisle prior to the accident, or how it came to be there. (Kirbaran Dep. (Dkt. No. 43-3) at 55:15-19 (Plaintiff stating that she "do[es]n't know" "how long [] the wipe that [she] slipped on [was on the floor] before [she] fell"); Pineda Dep. (Dkt. No. 43-6) at 57:1-13 (stating she doesn't know "how th[e] three wipes got on the floor," or "how long they had been on the floor")) It is likewise undisputed that Acevedo inspected the area where Plaintiff slipped and fell about an hour before the accident. (Acevedo Dep. (Dkt. No. 43-2) at 11:19-12:11; 15:11-18; Pltf. R. 56.1 Reply Stmt. (Dkt. No. 42) ¶¶ 3, 7-8, 13)

The parties dispute, however, how moist the wipes were when dispensed. Plaintiff has offered evidence that a freshly dispensed wipe "is wet and soaked," and would "still remain wet . . . even after over an hour of shopping" (Chandler Aff. (Dkt. No. 43-5) ¶¶ 6, 8, 10),

---

[4] Plaintiff does not contend that she has offered evidence that Target employees had actual notice of the alleged wipes hazard prior to her accident.

while Target proffers evidence that the wipes – once dispensed – quickly dry. (Acevedo Aff. (Dkt. No. 39-2) ¶¶ 9-10) Plaintiff accepts, however, that the wipe on which she slipped was dry at the time of the accident. (See Pltf. R. 56.1 Reply Stmt. (Dkt. No. 42) at 15) Indeed, Plaintiff argues that because wipes on the floor of the toy aisle "were already completely dry when [she] fell," a factfinder could infer that they were on the floor "for at least[] one hour prior to the accident." (Pltf. Opp. (Dkt. No. 41) at 6)

    Accepting Plaintiff's assertion that Target's wipes are wet when dispensed, this fact is not in itself sufficient to demonstrate that Target had constructive notice of the wipe on which she slipped. And while the dry condition of the wipe may indicate that it was dispensed a significant period of time before Plaintiff's accident, the wipe's condition does not tell us how long it had been on the floor in the toy aisle prior to Plaintiff's fall. While Plaintiff asserts that the wipe was dropped in the toy aisle shortly after it had been dispensed, and while still wet, and had been on the floor long enough to dry out (Pltf. Opp. (Dkt. No. 41) at 10), this is mere speculation. And a "plaintiff may not meet her burden through speculation as to the amount of time the condition existed before the accident." Rivera, 2017 WL 2709745, at *6 (citing Gordon, 67 N.Y.2d at 838); see DeLotch v. Wal-Mart Stores, Inc., No. 06 Civ. 5483 (GEL), 2008 WL 11395591, at *4 (S.D.N.Y. June 16, 2008) (finding plaintiff's evidence "insufficient" to withstand summary judgment when plaintiff "provide[d] no direct evidence of the [wipes'] condition before the accident").

    Courts routinely find no material issue of fact as to constructive notice where, as here, a slip-and-fall plaintiff describes the substance on which she fell, but "provides no guidance regarding its duration on the floor." Gisser v. Wal-Mart Stores East, LP, No. 17 Civ. 5293 (JCM), 2018 WL 6493101, at *5 (S.D.N.Y. Dec. 7, 2018). In DeLotch, for example, plaintiff

slipped and fell on a "brown and mushy" banana on the floor, but offered no evidence as to how long the banana had been on the floor. DeLotch, 2008 WL 11395591, at *2. In granting defendant summary judgment, the court noted that "'the simple fact that the [banana] peel was blackened'" is "'just as consistent with the theory that someone had dropped a ripe banana shortly before plaintiff stepped on it' as with the theory that someone dropped a fresh banana long before plaintiff stepped on it." Id. at *3-4 (quoting first Faricelli v. TSS Seedman's Inc., 94 N.Y.2d 772, 774 (1999) and then quoting Maiorano v. Price Chopper Operating Co., 221 A.D. 2d 698, 699 (3d Dept. 1995)).

Likewise, in Lacey v. Target Corp., No. 13 Civ. 4098 (RML), 2015 WL 2254968 (E.D.N.Y. May 13, 2015), a plaintiff who slipped on "dark yellow" apple slices did "not raise a material question of fact as to the length of time the apple was on the floor, as it could have been brown and oxidized before it fell on the floor." Id. at *4.

And in Decker v. Middletown Walmart Supercenter Store, No. 15 Civ. 2886 (JCM), 2017 WL 568761 (S.D.N.Y. Feb. 10, 2017), a plaintiff who slipped on a "wet," "slimy," or "gooey" egg-like substance did not "establish a genuine issue of material fact regarding the length of time the substance was on the ground," because the substance "'may well have been inherently'" slimy or gooey before it fell on the floor. Id. at *8 (quoting Order Granting Summary Judgment, Nolasco v. Target Corp., No. 10 Civ. 3351 (ARR), at 5 (E.D.N.Y. Nov. 14, 2012) (Dkt. No. 38)).

Plaintiff's case citations (see Pltf. Opp. (Dkt. No. 41) at 14-16) are not to the contrary. In each cited case, plaintiff proffered evidence as to how long the alleged dangerous condition had existed prior to plaintiff's fall. In Negri v. Stop & Shop, 65 N.Y.2d 625 (1985), for example, plaintiff slipped on "a lot of broken jars" of baby food, and offered evidence that

the baby food on the floor was "dirty and messy." Id. at 626. The fact that the baby food had been on the floor long enough to become "dirty and messy" was adequate to support an inference that the defendant had had a significant amount of time to discover and clean up the mess. Id. And in Haskin v. United States, No. 10-CV-5089 (MKB), 2015 WL 3971730 (E.D.N.Y. June 30, 2015), plaintiff slipped on a "thin shield of ice" "five feet wide." Id. at *3. While it was not clear "how long the icy condition was present prior to [plaintiff's] fall," the court found that the defendant had constructive notice, given "the nature of ice" – which takes time to form – and "the weather conditions on the day of the incident." Id. at *8 n.8.

In sum, because Plaintiff has not proffered any evidence "indicat[ing] that [the wipe on which she slipped] had been present [on the floor] for some period of time," Gordon, 67 N.Y.2d at 838, there is no material issue of fact as to constructive notice.

Plaintiff argues, however, that Target should be charged with constructive notice of the wipe because it failed to conduct reasonable and timely inspections of the toy department. (Pltf. Opp. (Dkt. No. 41) at 17-19)  See Wynn ex rel. Wynn v. T.R.I.P. Redevelopment Assocs., 296 A.D. 2d 176, 181 (3d Dept. 2002) ("[P]art of a landlord's obligation . . . is the duty to use reasonable care to inspect and repair common areas, and the landlord is generally chargeable with notice of the dangerous conditions which a reasonable inspection would have discovered."). "Courts differ on whether failure to inspect is a means for establishing constructive notice or a separate obligation that displaces the need for notice when imposing premises liability." Bogery v. United States, No. 17-CV-6996 (VEC), 2018 WL 4265901, at *7 (S.D.N.Y. Sept. 6, 2018) (citing Cruz v. Target Corp., No. 14-CV-2728 (RER), 2016 WL 3102018, at *1 (E.D.N.Y. June 2, 2016) (collecting cases)). But under either approach, a plaintiff "must still come forward with evidence showing that a reasonable inspection would have revealed the condition." Wilson v.

Wal-Mart Stores East, LP, No. 16 Civ. 8637 (JCM), 2018 WL 4473342, at *8 (S.D.N.Y. Sept. 18, 2018) (collecting cases).[5] Plaintiff has made no such showing here, because "she cannot establish the length of time that the condition was there to be discovered." Lacey, 2015 WL 2254968, at *6; see also Castellanos, 2013 WL 4017166, at *7 (holding that defendant's "failure to present detailed evidence concerning its inspections of the premises does not preclude summary judgment, as the initial burden rests with the plaintiff to raise a triable question of fact that the defendant created or had notice of the dangerous condition").

Because Plaintiff has not offered evidence sufficient to create a material issue of fact as to whether Target created or had notice of the dangerous condition that led to her fall, Target is entitled to summary judgment on Plaintiff's negligence claim.

---

[5] Plaintiff cites Cruz v. Target Corp., No. 14-CV-2728 (RER), 2016 WL 3102018 (E.D.N.Y. June 2, 2016), for the proposition that a plaintiff may prevail on a failure to reasonably inspect theory even absent evidence as to how long a dangerous condition existed. (See Pltf. Opp. (Dkt. No. 41) at 17) But Cruz "appears to be in the minority." Bogery v. United States, No. 17-CV-6996 (VEC), 2018 WL 4265901, at *8 n.9 (S.D.N.Y. Sept. 6, 2018). And the judge in Cruz adopted the majority view in another slip-and-fall case about eight months later:

> To prevail on a failure to inspect theory, the plaintiff must still demonstrate not only that the defendant breached its duty to inspect but that a reasonable inspection would have prevented the injury. See Lacey v. Target Corp., No. 13 CV 4098 (RML), 2015 WL 2254968, at *6 (E.D.N.Y. May 13, 2015) . . . Thus, some evidence of timing is still required.

Young v. Morrison Mgmt. Specialists, Inc., No. 14-CV-4261 (RER), 2017 WL 435783, at *4 (E.D.N.Y. Feb. 1, 2017).

## **CONCLUSION**

For the reasons stated above, Defendant Target's motion for summary judgment is granted, and Target's request for oral argument is denied as moot. The Clerk of Court is directed to terminate the motions (Dkt. Nos. 35, 40) and to close this case.

Dated: New York, New York
       March 12, 2024

                                      SO ORDERED.

                                      _____
                                      Paul G. Gardephe
                                      United States District Judge